IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN PRATT WATERMAN ARCHER, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:21-CV-748-N |
| STEPHEN A. KENNEDY, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Stephen A. Kennedy, Kennedy Law, LLP, and Kennedy Law, P.C.'s (collectively "Kennedy") motion for judgment on the pleadings [46] and Plaintiffs Julian Pratt Waterman Archer and Jane Gochenour Archer's (collectively "the Archers") motion for leave to amend the complaint [60]. Because the Archers lack independently actionable duties to support the breach of contract or fraudulent misrepresentation claims, the Court grants in part and denies in part Kennedy's motion for judgment on the pleadings. Because the Archers have shown good cause, the Court grants the Archers' motion for leave to amend the complaint.

**I. ORIGINS OF THE MOTION**

This legal malpractice case arises out of a bankruptcy filing in Arkansas. In March 2014, the Archers received a foreclosure notice from the bank that had issued them a building loan. Pls.' First Am. Compl. ¶ 13 [8]. The Archers sought advice from attorney Stanley Bond to avoid foreclosure. *Id.* ¶¶ 13, 15. Bond directed the Archers to file Chapter

ORDER – PAGE 1

11 bankruptcy proceedings for their two companies, Archer LLC and Sassafras Hill Communications Inc., in April 2014.  *Id.* ¶ 16.  Due to Bond's allegedly negligent representation, the Archers spent years in bankruptcy proceedings that resulted in adverse outcomes such as liquidation, exposure of personal assets to creditors, loss of various properties, and failure to receive a discharge.  *Id.* ¶¶ 19-27.

The Archers retained Kennedy from July 2017 until January 2019 in connection with a contemplated legal malpractice suit against Bond.  *Id.* ¶ 30.  Kennedy allegedly provided extensive advice on the options available to the Archers to pursue their claim and promised to file suit in Iowa.  *Id.* ¶¶ 41, 42.  However, Kennedy failed to initiate suit against Bond within the period specified by the applicable statute of limitations.  *Id.* ¶ 50.

The Archers filed suit against Kennedy in Iowa District Court for Polk County alleging negligence, breach of contract, and fraudulent misrepresentation.  Kennedy removed the case to federal court, and subsequently moved to transfer the case to this Court.  Kennedy moved for judgment on the pleadings seeking to dismiss the Archers' claims, and the Archers moved for leave to amend their complaint to provide additional specificity related to their claims.

## II. LEGAL STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Any party may move for judgment on the pleadings after the pleadings are closed, as long as the motion does not delay trial.  FED. R. CIV. P. 12(c).  Rule 12(c) provides a procedure "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,

ORDER – PAGE 2

313 F.3d 305, 312 (5th Cir. 2002) (citation omitted).  When ruling on a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

When deciding a Rule 12(b)(6) motion to dismiss or Rule 12(c) motion for judgment on the pleadings, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  To survive the motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations omitted).

### III. THE COURT DISMISSES THE ARCHERS' CLAIMS FOR BREACH OF CONTRACT AND FRAUDULENT MISREPRESENTATION

The Texas anti-fracturing rule bars plaintiffs from converting attorney negligence claims into other causes of action. *Won Pak v. Harris*, 313 S.W.3d 454, 457 (Tex. App. – Dallas 2010, pet. denied); *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 426-27 (Tex. App. – Austin 2009, no pet). If the plaintiff's claim focuses on the quality or adequacy of the professional representation – whether the attorney exercised the proper degree of care, skill, and diligence – then the plaintiff must assert the claim as negligence. *See Deutsch v. Hoover, Bax & Slovacek, L.L.P*, 97 S.W.3d 179, 189 (Tex. App. – Houston [14th Dist.] 2002, no pet.); *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App. – Fort Worth 2002, pet. denied). A plaintiff must support additional causes of actions with underlying facts implicating independently actionable duties. *Beck*, 284 S.W.3d at 428. The Court may determine as a matter of law whether the underlying allegations impermissibly fracture a professional negligence claim. *Murphy v. Gruber*, 241 S.W.3d 689, 692 (Tex. App. – Dallas 2007, pet. denied).

#### A. The Court Dismisses the Breach of Contract Claim as it Arises from Kennedy's Failure to Exercise Ordinary Skill, Care, and Knowledge

Although the Archers style their claim as a breach of contract, the factual allegations center on Kennedy's failure to "exercise ordinary skill, care, and knowledge to protect Plaintiffs' interests." Pls.' First Am. Compl. ¶ 59. The breach of contract alleged by the Archers amounts to no more than a failure to abide by the professional standards for lawyers. Even in the proposed second amended complaint, the alleged breach of contract does not extend beyond the failure to sue Bond in a timely manner or to give proper advice

ORDER – PAGE 4

on legal matters. Pls.' Proposed Second Am. Compl. ¶ 61 [60-1]. The Archers have not provided facts demonstrating that the breach of contract claim has any independently actionable duty aside from legal malpractice. Accordingly, the Court dismisses the Archers' breach of contract claim as improperly fractured under Texas law.

### B. The Court Dismisses the Fraudulent Misrepresentation Claim as it Contains no Independently Actionable Duty

The Archers claim that Kennedy made false representations regarding their options to sue Bond. Pls.' First Am. Compl. ¶ 64. The complaint identifies misrepresentations as to available jurisdictions to litigate the Archers' claims against Bond, the applicable statute of limitations, and when Kennedy would initiate suit. *Id.* at ¶¶ 51-52. These allegations fall squarely within "bad legal advice." *Murphy*, 241 S.W.3d at 693-94 (collecting cases of impermissibly fractured claims involving false representations). No amendment can change the fatal fact that these representations occurred as part of the same bad legal advice underlying the negligence claim. The Court dismisses the Archers' fraudulent misrepresentation claims as impermissibly fractured under Texas law.

### IV. THE COURT DENIES KENNEDY'S MOTION FOR JUDGMENT ON THE ARCHERS' NEGLIGENCE CLAIM

The Archers have pled facts sufficient to state a plausible claim of negligence. To properly plead negligence, the Archers must demonstrate that (1) Kennedy owed the Archers a duty, (2) Kennedy breached that duty, (3) Kennedy's breach proximately caused the Archers' injury, and (4) the Archers suffered damages. *See, e.g.*, *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Res. Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). In

this case, Kennedy concedes that he owed a duty to the Archers but contests the sufficiency of the remaining three elements.

First, the allegations sufficiently allege a breach of duty by Kennedy. Attorneys must exercise their duties as a "reasonably prudent attorney." *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). The Archers allege that Kennedy promised to file suit in Iowa but failed to do so prior to the expiration of the statute of limitations. Pls.' First Am. Compl. ¶ 41-42, 50. A reasonably prudent attorney would not fail to file suit within the applicable statute of limitations for no apparent reason. Accordingly, the complaint satisfies the element of breach of duty.

Second, the Archers' pleadings sufficiently allege that Kennedy's breach proximately caused their injury. Proximate cause requires both cause in fact and foreseeability. *McClure v. Allied Stores of Tex.*, Inc., 608 S.W.2d 901, 903 (Tex. 1980). In a legal malpractice case, the plaintiff must prove that if the attorney had conformed to the proper standards of care, the client would have obtained a more favorable result in the underlying litigation. *Rogers v. Zanetti*, 518 S.W.3d 394, 401 (Tex. 2017) (describing this requirement as the "case-within-a-case"). Here, paragraphs twelve through nineteen of the complaint allege facts sufficient to state a claim for legal malpractice by Bond: (1) the Archers retained Bond as their attorney; (2) Bond failed to advise the Archers of the requirements of bankruptcy proceedings and failed to comply with important procedural requirements; (3) Bond's actions prevented the Archers from receiving a bankruptcy discharge; (4) the Archers suffered damages in the form of liquidated property and assets. As such, the Archers could have prevailed if they sued Bond. However, Kennedy's failure

ORDER – PAGE 6

to file prevented the Archers from suing Bond. Kennedy must have foreseen the risk of harm to the Archers by failing to file; expiration of the statute of limitations forecloses recovery. The allegations show that in the hypothetical alternative, the Archers could have successfully recovered from Bond on a legal malpractice claim. *See Rogers v. Zanetti*, 518 S.W.3d 394, 404 (Tex. 2017). Accordingly, the complaint sufficiently alleges the required element of proximate cause.

Lastly, the Archers sufficiently allege damages as a result of Kennedy's negligence. Paragraphs 20 through 29 of the complaint recite the harms suffered by the Archers due to Bond's malpractice. As Kennedy allegedly failed to file suit within the applicable statute of limitations, the Archers could not recover in a suit against Bond. The Archers alleged that Kennedy's breach led to loss of property, loss of income, emotional distress, and expenditure of legal fees. Although the Archers could have delineated the damages suffered with more clarity in the original complaint, *See* Pls.' Proposed Second Am. Compl. ¶ 57, the facts as alleged still provide enough support for the damages element.[1] Accordingly, the Court denies the motion for judgment as to the negligence claim.

V.  **THE COURT GRANTS THE ARCHERS' MOTION FOR LEAVE TO AMEND COMPLAINT**

The Scheduling Order provides that the parties must file any motions for leave to amend under Rule 15(a) within 180 days of the Order. Scheduling Order 1 [33].

---

[1] Kennedy argues that the Court should dismiss the Archers' claims as shareholders may not recover personally for damages incurred by businesses they own. Defs.' Br. in Supp. Of Mot. for J. on the Pleadings 9. However, the Archers sufficiently allege damages in their personal capacity including loss of personal belongings and exposure of personal assets to liquidation. Pls.' First Am. Compl. ¶¶ 19, 26.

Otherwise, parties must show good cause pursuant to Rule 16(b). *Id.* Four factors inform the good cause analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotations omitted). The district court has broad discretion in deciding whether to allow a party to amend after the scheduling order deadline has expired, *see id.*, and may consider the factors holistically. *Johnson v. Karr*, 2017 WL 2362043, at *5 (N.D. Tex. 2017).

After the parties completed their briefing of Kennedy's motion for judgment, the Archers requested leave to amend their complaint. Kennedy argues that the Archers lack good cause to amend almost five months after the deadline and that the proposed amendments are futile. Defs.' Resp. in Opp'n to Pls.' Mot. for Leave to Am. Compl. 1 [62]. The Court disagrees.

Kennedy's delay in filing the motion for judgment one year after pleadings closed prompted the Archers to amend their complaint. The Archers have merely attempted to provide specificity in response to Kennedy's motion. This proposed amendment provides the Archers with their first opportunity to cure their pleading deficiencies. The Archers have explained both the failure to timely amend and the importance of allowing the amendment. Furthermore, the Court has already minimized any potential prejudice by granting the parties' agreed motion for trial continuance. Order Resetting Trial 1 [61]. The Court finds that the Archers have shown good cause to amend their complaint and grants the Archers' motion for leave to amend.

ORDER – PAGE 8

CONCLUSION

Because the Archers have successfully pled a claim for negligence, the Court denies the motion for judgment on the pleadings as to that claim. However, because the Texas anti-fracturing rule bars the Archers' claims for breach of contract and fraudulent misrepresentation, the Court grants the motion for judgment on the pleadings as to those claims. The Court also grants the Archers' motion for leave to amend complaint.[2] The Archers must file their second amended complaint within 30 days of this order.

Signed October 3, 2022.

David C. Godbey
Chief United States District Judge

---

[2] The Archers may make the necessary edits and file a different document from the exhibit attached to their motion for leave as their second amended complaint. Although the Court does not find it necessary to address the parties' differing positions on the applicable choice of law in order to resolve this motion, the Court notes that the Archers must plead facts sufficient to demonstrate that Arkansas law applies under the most significant relationship test used by Texas courts. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000) (citing *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 204 (Tex. 2000)).