IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN PRATT WATERMAN ARCHER, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:21-CV-748-N |
| STEPHEN A. KENNEDY, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Stephen A. Kennedy, Kennedy Law LLP, and Kennedy Law PC's (collectively "Kennedy") motion to compel Plaintiffs' document production and overrule privilege objections [43]. For the reasons below, the Court grants in part and denies in part the motion.

### I. ORIGINS OF THE MOTION

Plaintiffs Julian Pratt Waterman Archer and Jane Gochenour Archer hired Kennedy as counsel to pursue a legal malpractice claim against another attorney, Stanley Bond. Pls.' Second Am. Compl. ¶¶ 29–32 [66]. However, Kennedy allegedly committed malpractice by missing the deadline to file suit under the applicable statute of limitations for the Archers' claim against Bond. *Id.* ¶¶ 43–48. The Archers filed this lawsuit against Kennedy for negligence, breach of contract, and fraud associated with the allegedly inadequate representation. *Id.* ¶¶ 52–68.

ORDER – PAGE 1

The Archers pressed on with their lawsuit against Bond with new representation. Notwithstanding the alleged statute of limitations problem, the Archers and Bond reached a confidential settlement agreement (the "Settlement Agreement") resolving their dispute. Kennedy propounded discovery requests to the Archers and later filed this motion to compel answers to some of those discovery requests. The Archers have since agreed to produce documents in response to over half of the requests, resolving much of the dispute.[1] This Order addresses the remaining disputed discovery requests.

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v.*

---

[1] The Archers do not oppose RFPs 2, 4–5, 7, 9–10, 14–19, 25–30, 32, and 34. Accordingly, the Court orders the Archers to produce any responsive documents and information within fourteen (14) days of this Order. Furthermore, the Court has already resolved the dispute regarding RFP 1 and the Settlement Agreement in its prior order. Order Granting Mot. to Compel 1 [64].

ORDER – PAGE 2

*Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs.*, 321 F.R.D. at 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III.  THE COURT GRANTS IN PART AND DENIES IN PART KENNEDY'S MOTION TO COMPEL

The Archers' response to Kennedy's motion to compel resolved many of the disputed requests. The Court analyzes the remaining requests and objections in dispute below.

#### A.  The Court Partially Overrules the Archers' Overbreadth, Vagueness, and Undue Burden Objections

Request for production ("RFP") 6 seeks all communications between the Archers and any other person that mention or relate to Bond after 2014. RFP 8 seeks all documents related to the underlying Bond suit. RFPs 20 through 23 seek financial records related to the Archers' personal affairs and financial records for businesses owned by the Archers. RFP 24 seeks all documents related to Kennedy's representation of the Archers. RFP 33 seeks every statement made by the Archers or their agents relating to the claims against

ORDER – PAGE 3

Kennedy. The Archers responded to these RFPs with a mixture of overbreadth, vagueness, and undue burden objections.

The Court notes at the outset that the Archers advance several boilerplate objections that are not accompanied by an adequate explanation to resist discovery. The Archers' responses merely state the grounds of overbreadth, vagueness, and undue burden without explaining what portions of the request are overbroad, what terms in the request lack a reasonable interpretation, or why producing responsive documents would require excessive expense.[2] These boilerplate objections do not satisfy the Archers' burden as the party resisting discovery, and accordingly, the Court overrules the overbreadth, vagueness, and undue burden objections as to RFPs 6, 8, and 24.

But the Court denies the motion to compel as to RFPs 20–23 and 33. RFP 33 is facially deficient and requires no further explanation from the Archers. The request asks the Archers to produce "every statement made by any alleged agent[s], servant[s], representative[s] or employee[s] of any of the party to this Lawsuit relating to Your claims against Defendants." Defs.' App. 17 [45]. The request does not specify temporal limits or narrow the statements to those made within the scope of employment. As written, the Archers would be required to survey every employee in every business to determine a

---

[2] The Archers do not provide explanations beyond the basis of the objection in their responses to Kennedy's requests or their response to Kennedy's motion to compel. For example, the entirety of the Archers' objection to Request 20 is "Plaintiffs object to this request on the grounds it is overly broad and unduly burdensome." The Archers only offer a full explanation of their attorney-client privilege objections, discussed in Section B, *infra*.

ORDER – PAGE 4

comprehensive list of all statements they have made. This RFP lacks reasonable particularity; therefore, the Court denies the motion to compel as to RFP 33.

RFPs 20–23 fail to state with reasonable particularity which documents Kennedy seeks. RFPs 20–23 seek financial records related to the Archers' personal affairs and financial records for businesses owned by the Archers. The core of each of these RFPs seek information necessary to determine the losses associated with the Bond suit. But the wording of these RFPs fails to meaningfully specify the scope of documents to be produced. The use of "related to" would require production of any text, email, letter, bill payment, bank record, ledger, accounting statement, or other document that has even a remote relation to the financial health of the Archers or their associated entities. As written, every document ever produced by the Archers' companies would be responsive. These RFPs are not proportional to the needs of the case. Accordingly, the Court denies the motion to compel as to RFPs 20–23.

### B. The Archers Have Not Waived Their Privilege Objections

RFPs 3 and 6 request all communications between the Archers, their representatives, and any other person that mention or relate to Kennedy. RFP 8 seeks documents related to the Bond Suit. RFPs 11 through 13 requested various information related to communications and documents exchanged between the Archers and their current counsel, William W. Graham. RFPs 31 and 33 seek production of all documents prepared during the investigation of the Archers' claims and every statement made by the Archers or their agents relating to the Archers' claims. The Archers objected to these RFPs as

impermissibly seeking materials protected by the attorney-client privilege and work-product doctrine.

***1. A Party Must Affirmatively Rely on Privileged Materials to Impliedly Waive Privilege.*** – A party impliedly waives the attorney-client privilege by "affirmatively relying on attorney-client communications to support an element of a legal claim or defense." *In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018). "Put differently, when a client 'uses confidential information against his adversary,' it cannot simultaneously use the privilege as a shield." *In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 307 (5th Cir. 2020) (unpub.) (quoting *Itron*, 883 F.3d at 558). A client does not waive the privilege merely by asserting a claim or defense to which privileged material is relevant — the client "must *rely* on privileged advice from his counsel to make his claim or defense." *Id.* (quoting *Itron*, 883 F.3d at 561) (emphasis in original).

In *Schlumberger*, the Fifth Circuit held a defendant did not waive the privilege by raising a good faith reliance defense regarding the classification of employees in a FLSA action where the answer did not expressly state reliance on advice of counsel. There, the defendant stated in its answer "only that it relied in good faith on applicable law, administrative regulations, orders, interpretations and/or administrative practice or policy enforcement," without alluding to advice of counsel. *Schlumberger*, 818 F. App'x at 307 (internal quotation marks omitted). Where the defendant makes "no such concession" that it relied on advice of counsel and "instead tailor[s] its pleading so as not to rely on privileged communications," there has been no implied waiver. *Id.*

### 2. The Archers Have Not Waived the Attorney-Client and Work-Product Privileges. –

Here, the Archers have not waived the attorney-client and work-product privileges with respect to the advice they received from their current counsel, William Graham, in relation to the settlement of the Bond suit. Similarly to the defendant in *Schlumberger*, the Archers have not used privileged advice of counsel to support an element of a claim or defense in this matter.[3] Kennedy has not pointed the Court to any assertion by the Archers that relied on the advice of counsel. Because the Archers have not waived the privileges with respect to these documents, the Court denies the motion to compel answers to RFPs 3, 6, 8, 11–13, 24, 31, and 33 as to responsive documents that fall within the attorney-client or work-product privileges. However, all other responsive documents must be produced. The Archers must supplement their privilege log with any additional responsive documents withheld based on privilege.

### E. Timeline for the Archers' Remaining Production of Discovery

The parties offer competing deadlines for production of discovery. Kennedy asks the Court to order production within seven days, and the Archers ask for a deadline of fourteen days. The Court finds that fourteen days is more reasonable given the circumstances and therefore orders the Archers to produce the remaining documents and

---

[3] Kennedy's citation to *Dewitt & Rearick, Inc. v. Ferguson*, 699 S.W.2d 692, 693 (Tex. App. — El Paso 1985, no writ) is unpersuasive because the sisters "all testified that they settled upon the advice of counsel." Nor does *Westheimer v. Tennant* apply. 831 S.W.2d 880, 881 (Tex. App. — Houston [14th Dist.] 1992, no writ). The plaintiff in *Westheimer* sued accountants who had given advice related to a tax shelter, and the accountants sought to compel testimony from attorneys who provided advice related to the same tax shelter at issue. *Id*. Here, the Archers are not seeking to hide competing advice that occurred during the duration of Kennedy's representation.

ORDER – PAGE 7

information within fourteen (14) days of this Order. The Archers must supplement their privilege log for any additional documents withheld based on privilege within thirty (30) days of this order.

## CONCLUSION

Because the Archers do not oppose the requested relief, the Court grants Kennedy's motion to compel as to RFPs 2, 4–5, 7, 9–10, 14–19, 25–30, 32, and 34. The Court further grants the motion as to RFPs 6, 8, and 24 for documents not covered by the attorney-client privilege or work product doctrine because the Archers' boilerplate objections do not show how the requests are objectionable. However, because RFPs 20–23 and 33 are facially deficient, the Court denies the motion as to those requests. As the Archers have not waived their privilege objections, the Court denies the motion to compel for all attorney-client privileged and work-product documents as to RFPs 3, 6, 8, 11 through 13, 24, 31, and 33. The Archers must affirmatively explain whether they are withholding documents based on their remaining objections and supplement their privilege log with any additional documents being withheld based on privilege. The Archers must produce the documents within fourteen (14) days of this Order and any supplemental privilege log[4] within thirty (30) days of this Order.

---

[4] The Archers' privilege log must include enough information to allow courts and other parties to test the merits of the privilege claim. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017). This might include, but is not limited to, the type of document, description, recipients, and Bates numbers.

ORDER – PAGE 8

Signed November 16, 2022.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 9