IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN PRATT WATERMAN ARCHER, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:21-CV-748-N |
| STEPHEN A. KENNEDY, *et al.*, | § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Stephen A. Kennedy, Kennedy Law, LLP, and Kennedy Law, P.C.'s (collectively "Kennedy") motion for summary judgment [72]. Because Plaintiffs Julian Pratt Waterman Archer and Jane Gochenour Archer have not provided sufficient evidence of damages, the Court grants the motion.

## I. ORIGINS OF THE MOTION

This legal malpractice case arises out of a bankruptcy filing in Arkansas. In March 2014, the Archers received a foreclosure notice from the bank that had issued them a building loan. Pls.' Second Am. Compl. ¶ 11 [66]. The Archers sought advice from attorney Stanley Bond to avoid foreclosure. *Id.* ¶¶ 11, 13. Bond directed the Archers to file Chapter 11 bankruptcy proceedings for their two companies, Archer LLC and Sassafras Hill Communications Inc., in April 2014. *Id.* ¶ 14. Due to Bond's allegedly negligent representation, the Archers spent years in bankruptcy proceedings that resulted in adverse

outcomes such as liquidation, exposure of personal assets to creditors, loss of various properties, and failure to receive a discharge. *Id.* ¶¶ 17–25.

The Archers retained Kennedy from July 2017 until January 2019 in connection with a contemplated legal malpractice suit against Bond. *Id.* ¶ 29. Kennedy allegedly provided extensive advice on the options available to the Archers to pursue their claim and promised to file suit in Iowa. *Id.* ¶¶ 36, 37. However, Kennedy failed to initiate suit against Bond within the period specified by the applicable statute of limitations. *Id.* ¶ 45.

The Archers filed suit against Kennedy in Iowa District Court for Polk County alleging negligence, breach of contract, and fraudulent misrepresentation. Kennedy removed the case to federal court and subsequently moved to transfer the case to this Court. The Court previously dismissed the Archers' breach of contract and fraudulent misrepresentation claims as barred by the Texas anti-fracturing rule. Mem. Op. & Order 9 [65]. Kennedy now moves for summary judgment on the Archers' negligence claim.

## II. Legal Standard for Summary Judgment

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

MEMORANDUM OPINION AND ORDER – PAGE 2

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE ARCHERS HAVE NOT PROVIDED SUFFICIENT EVIDENCE OF DAMAGES

To properly plead negligence, the Archers must demonstrate that (1) Kennedy owed the Archers a duty, (2) Kennedy breached that duty, (3) Kennedy's breach proximately

MEMORANDUM OPINION AND ORDER – PAGE 3

caused the Archers' injury, and (4) the Archers suffered damages. *See, e.g.*, *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Res. Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). Kennedy argues that the Archers have failed to provide evidence of proximate cause or damages. The Court concludes that the Archers have not established damages as a result of Kennedy's malpractice.[1]

The Archers claim that Kennedy's failure to file suit caused some of their claims in the underlying Bond suit to be barred by the statute of limitations. Pls. Summ. J. Resp. Br. 4 [82]. However, the Archers fail to sufficiently identify which claims were time-barred. Their expert, Danny Crabtree, did not opine on which claims were not timely filed in the Bond suit, except to say that he relied primarily on Judge Brooks' order of August 17, 2020 ("August 2020 Order"). Defs. App. 213 [74]. The Archers' response brief is similarly vague, stating that "those claims can be determined and identified by reference to Judge Brooks's ruling." Pls. Summ. J. Resp. Br. 4.

But Judge Brooks did not identify any particular claims that were barred, nor did he grant summary judgment to Bond on any of the Archers' claims. The Archers' argument that Judge Brooks ruled that certain claims were barred is incorrect: he denied the summary judgment motion and explicitly "reserve[d] that determination until such time as it is known which (if any) assertions of malpractice are submitted to and determined by the jury to be but-for-causes of the Archers' alleged harm." August 2020 Order 10; Defs. App. 263. Thus, the Crabtree report is insufficient to identify damages entitling the Archers to

---

[1] Because the Archers' claims must be dismissed for lack of damages, the Court will not analyze the parties' arguments related to proximate cause.

MEMORANDUM OPINION AND ORDER – PAGE 4

relief, and they lack other supporting evidence. Without evidence of which claims would have failed because of Kennedy's failure to file suit, the damages element cannot be satisfied, and therefore the negligence claim fails.

## CONCLUSION

Because the Archers have not provided sufficient evidence of damages, the Court grants Kennedy's motion for summary judgment.

Signed July 17, 2023.

David C. Godbey
Chief United States District Judge